```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**PATTY T. LUNSFORD,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 5:03-0686**

**HARTSFORD LIFE & ACCIDENT**
**INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION ON
## MOTIONS FOR SUMMARY JUDGMENT

Pending before the court is the defendant's motion for summary judgment (Doc. No. 29), as well as the plaintiff's motion for summary judgment (Doc. No. 33). For the reasons that follow, the court **DENIES** plaintiff's motion and **GRANTS** summary judgment in defendant's favor.

### I. Introduction

Through her employment as a pediatric care nurse at Columbia HCA Healthcare Corporation and/or Raleigh General Hospital ("Raleigh General"), the plaintiff, Patty T. Lunsford, participated in various employee benefit plans provided by her employer. Included among these plans was long-term disability coverage through a group insurance policy issued by the defendant, Hartford Life & Accident Insurance Company. Under this plan, a participant is considered totally disabled for purposes of the first twenty-four months of the participant's alleged disability if she is prevented "from performing the essential duties of [her] occupation . . . ." (Plan at p. 8,

attached to defendant's motion for summary judgment.) Thereafter, the participant will continue to receive long-term disability benefits only if she is "so prevented from performing the essential duties of any occupation for which [she is] qualified by education, training or experience." (Id.)

On April 5, 1997, the plaintiff suffered a work-related injury for which she received long-term disability benefits until August 31, 2002. At that time, the defendant ceased paying benefits upon a finding that plaintiff's disability no longer qualified her for benefits. When plaintiff appealed the decision and provided further documentation of her disability, the defendant extended her benefits through October 9, 2002, but thereafter determined that plaintiff could return to sedentary work and ceased her benefits payments permanently.

Subsequently, plaintiff filed this suit seeking damages for defendant's denial of long-term disability benefits, for defendant's alleged breach of its fiduciary duty, and for alleged statutory violations of ERISA § 502(c).[*]

## II. Analysis

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[*] Plaintiff's response to defendant's motion for summary judgment concedes that plaintiff is not permitted to pursue a cause of action for breach of fiduciary duty under ERISA § 502(a)(2). Accordingly, the court need not address the issue.

> with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003).  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-251.  Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**A.   Defendant's Denial of Benefits**

It appears the parties do not dispute the standard of review the court is to apply to defendant's denial of benefits.  As the parties explain, in <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the United States Supreme Court of Appeals held that the standard of review for a decision made by trustees of an ERISA plan is ordinarily *de novo*.  <u>Id.</u> at 115.  However, where, as here, the plan in question vests discretion with the trustee to determine benefits eligibility or to construe the terms of the plan, the court must instead determine whether the trustee abused its discretion.  <u>Id.</u> at 111.

Furthermore, the Fourth Circuit Court of Appeals has made clear that, in applying the abuse of discretion standard, the trustee's decision to deny benefits will not be disturbed if it is reasonable.  <u>Sheppard & Enoch Pratt Hospital, Inc. v. Travelers Ins. Co.</u>, 32 F.3d 120, 124 (4th Cir. 1994).  The Fourth Circuit has elaborated that a decision is reasonable if it "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence."  <u>Brogan v. Holland</u>, 105 F.3d 158, 161 (4th Cir. 1997).

Clearly, this standard presents a significant obstacle to those contesting a denial of benefits; indeed, it is an obstacle that plaintiff is unable to overcome.  It is evident from the parties' abundant citations to plaintiff's medical record that plaintiff suffers from myriad health problems that, in combination, significantly hinder her ability to work.  The court's decision

4

should not be interpreted as belittling the severity of her impairment.  However, based on the evidence before the court, it cannot be said that defendant's denial of benefits under the terms of the plan was unreasonable as that term has been defined by the substantive law in this area.

Plaintiff emphasizes that certain examining physicians have found her to be disabled.  She further states that, "[r]ather than accept the disability findings of Plaintiff's treating and examining physicians, Hartford hired a physician to examine the Hartford record and issue an opinion that Plaintiff was not disabled."  (Plaintiff's Memo. in Support of Motion for Summary Judgment, Doc. No. 34, p. 11.) This line of argument, however, does little to further plaintiff's cause.  The record makes clear that defendant retained the services of an independent company of physicians, Medical Advisory Group, as well as the services of an additional independent consulting physician, Dr. Friedman of the University Disability Consortium, to review plaintiff's case and provide opinions on her work capacity. Both Medical Advisory Group and Dr. Friedman, after consultation with plaintiff's treating physicians and review of the record, concluded that plaintiff was not totally disabled as defined by the plan. Moreover, the independent reviews of plaintiff's medical conditions revealed certain inconsistencies in her treating physicians' conclusions about the severity of her disability.  (See, e.g., Defendant's Memorandum in Support of Motion for Summary Judgment, Doc. No. 30, p. 6.)

In light of the above, and after consulting a computerized job matching system, the defendant came to the conclusion that three reasonable alternative occupations existed for which plaintiff was qualified both in terms of her education and experience, as well as her work capacity (i.e., her limitation to sedentary and light jobs). Defendant's nonacceptance of the opinions of those treating physicians who concluded that plaintiff was completely disabled is not determinative as to whether or not defendant's denial of benefits was reasonable; indeed, "[t]he Fourth Circuit has held that it is not an abuse of discretion for a plan fiduciary to deny disability benefits where conflicting medical reports were presented." Elliott v. Sara Lee Corp., 190 F.3d 601, 606 (4th Cir. 1999) (citing Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 234 (4th Cir. 1997)). Furthermore, administrators of employee benefits plans covered by ERISA "are not obliged to accord special deference to the opinions of treating physicians." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825 (2003).

Plaintiff argues, under the authority of Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), that because defendant is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether defendant has abused its discretion. Assuming, for the purposes of the court's analysis, that defendant is operating under a conflict of interest, defendant's reliance on the opinions of independent reviewers greatly mitigates that conflict. See Ellis, 126 F.3d at 234. Furthermore, although

6

plaintiff makes much of the Social Security Administration's determination that she is disabled, such determinations are not binding on plan administrators.

Although there can be no dispute that plaintiff suffers from numerous significant health problems, the court must grant defendant's motion for summary judgment with regard to its denial of benefits. The evidence indicates that defendant made a thorough review of plaintiff's case, relying in part upon two separate, independent doctors board certified in internal medicine, before finally denying plaintiff continued long-term benefits. Whether or not another trustee in defendant's position might have come to a different conclusion, the court cannot say that defendant's denial of benefits was based on insubstantial evidence, or that defendant failed to make use of a deliberate, principled reasoning process in making its determination.

**B. ERISA Violations**

The court is likewise compelled to grant summary judgment in favor of defendant with regard to plaintiff's claim for statutory penalties under ERISA § 502(c). The penalties provided for in that section apply only to plan administrators. ERISA defines a plan administrator in the first instance as "the person specifically so designated by the terms of the instrument under which the plan is operated," or, if the plan itself does not designate an administrator, as "the plan sponsor." 29 U.S.C. § 1002(16)(A). Because the plan in question does not designate an administrator,

7

Columbia/HCA Healthcare Corporation, the plan's sponsor, is the plan administrator pursuant to the above statute. Accordingly, plaintiff's asserted cause of action against this defendant for a violation of § 502(c) must fail.

### III. CONCLUSION

Because defendant's denial of plaintiff's long-term disability benefits was reasonable, in that it was based on substantial evidence and was the result of a deliberate, principled reasoning process, the court cannot conclude that defendant's denial of benefits constituted an abuse of its discretion. Furthermore, plaintiff's statutory claim against defendant pursuant to ERISA § 502(c) must fail, as the cause of action provided for by that section is available only against plan administrators. A separate judgment order will be entered contemporaneously with this opinion implementing the court's decision.

It is **SO ORDERED** this 26th day of August, 2005.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge